UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| H & E EQUIPMENT SERVICES, INC. | CIVIL ACTION NO. 04-1878 |
| VERSUS | JUDGE HICKS |
| SCOTT SLATER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by Defendants Head, Inc. ("Head") and National Fire Insurance Company of Hartford ("National Fire"). [Doc. No. 27]. Plaintiff H & E Equipment Services ("H & E") filed this suit pursuant to the Miller Act, 40 U.S.C. § 3133, seeking to recover against a general contractor and its surety for a debt incurred by a subcontractor. Defendants Head and National Fire filed the instant motion for summary judgment, contending that H & E's Miller Act claim must fail because it failed to give required notice within ninety (90) days. H & E opposes the motion, contending that it timely gave the required notice. [Doc. No. 29]. For the reasons which follow, the Defendants' motion is **DENIED.**

**I.    FACTUAL BACKGROUND**

Head contracted with the United States Government for a construction project known as the Apron IV, at Barksdale Air Force Base. [Rec. Doc. 1 at ¶ 6]. Head subcontracted a certain portion of that work to Scott Slater d/b/a "Mars" [Id. at ¶ 7]. Slater leased certain equipment from H & E. [Id.] The leased equipment was removed from the job site on October 20, 2003. [Doc. 27, Exs. A & B]. Slater failed to pay H & E as agreed.

Andrew Sobolak, Rental Manager for H & E, testified that he spoke with Head personnel, including Mike Gilstrap, who appeared to be the on-site person in charge. [Doc. 29-3 (Slobolak affidavit)]. Sobolak sought Gilstrap's assistance in getting the debt paid, and indicated his intention to ask the Department of the Navy to set aside an amount sufficient to pay H & E from the monies due Head on the job. [Id.] Head failed to submit any evidence to the contrary.

On November 5 and December 5, 2003, Charles Sooby, manager of the Shreveport branch of H & E, spoke with Troy Reynolds, Head's Project Engineer for the Barksdale construction. [Doc. 29-5 (Sooby affidavit)]. Sooby informed Reynolds of the monies due H & E and sought his assistance in obtaining payment. [Id.] Again, Head failed to submit any evidence to the contrary.

On December 5, 2003, H & E sent a letter to Slater concerning his outstanding debt of $64,434.00. [Doc. 29-4 at p. 7]. That letter states, in pertinent part:

> . . . I would like to draw your attention to the remaining monies owed us. With only receiving one payment of $5,000.00 since July, I am sure that you can see our cause for concern. . . . .
> This letter is being created to keep all those involved informed on what is transpiring and also to document the urgent attention needed to resolve this situation as quickly as possible. That being said, this letter is being forwarded to the Department of Navy to let them know that our company has not received payment.
> At this point, H & E Equipment Services feels that the balance shown is accurate and should be paid promptly. I have not been notified of any problems that may have occurred on your project with Head, Inc.

[Id.] The letter was signed by Rental Manager Sobolak. Although the letter itself does not indicate that a copy of the letter was sent to anyone at Head, Sobolak testified in his affidavit that he mailed a copy of the letter to Head. [Doc. 29-3]. Additionally, Francis

White, III, counsel for H & E, testified that he procured a copy of that letter from the records of Head during a document review in the instant matter. [Doc. 29-6 (White affidavit)].

On January 30, 2004, another letter was sent to Slater, Contract Specialist Hilda Pratt, and Head. [Doc. 27-3, Exhibit C]. That letter states:

> Please consider this notice under the Miller Act, 40 U.S.C. 270a et seq.. Pursuant to its contract with Mr. Scott Slater d/b/a Mars, H & E Equipment Services, L.L.C., legal successor by merger to Head & Enquist Equipment, L.L.C., leased moveables used in regard to the referenced project for which services the principal amount of $66,886.64 principal remains due. This letter is intended to preserve, perfect, and protect H & E Equipment Services' rights under the Miller Act.

[Id.] Paul Ondera, Vice-President of Head, Inc. and a resident of Ohio, testified that this letter was the first notice that Head received of Slater's non-payment. [Id., Exhibit B (Ondera aff.)]. Defendants move for summary judgment, contending that H & E's Miller Act notice is untimely.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also, Gunaca v. Texas, 65

F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc.,

76 F.3d 651, 656 (5th Cir. 1996). If the nonvovant cannot meet this burden, then "the motion for summary judgment must be granted." Id.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

### B. Plaintiff's Miller Act Claim.

The Miller Act, 40 U.S.C. § 3133 provides, in pertinent part:

> Every person who furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person . . . furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

40 U.S.C. § 3133(b)(1). However, a person who, like H & E, has a contractual relationship with a subcontractor but no contractual relationship with the contractor furnishing the payment bond may bring such a suit only on giving **written notice to the contractor within 90 days** from the date on which the person furnished or supplied the last of the material for which the claim is made. 40 U.S.C. § 3133(b)(2). Here, the equipment that Slater leased from H & E was removed on October 20, 2003. Accordingly, if the December 5, 2003 letter was sufficient to constitute the required Miller Act notice, then H & E's Miller Act claim is timely. If not, then the Miller Act notice contained in the January 30, 2004 letter came too late and H & E's claims are untimely.

Section 3133 provides that the statutorily required written notice must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. 40 U.S.C. § 3133(b)(2).[1] The December 5, 2003 letter clearly states that Scott Slatter (sic), d/b/a Mars, owed $64,434.00 for construction equipment on the Barksdale Air Force Base Flight Line Project. [Doc. No. 29-4 at p. 7]. However, the written notice and accompanying oral statements must also inform the general contractor, expressly or impliedly, that the supplier is looking to the general contractor for payment. United States ex rel. Kinlau v. Great American Ins. Co., 537 F.2d 222, 223 (5th Cir. 1976).

The Fifth Circuit has permitted some "liberality as to the manner of communicating the written notice." United States ex rel. Consolidated Electrical Distributors, Inc. v. Altech, Inc., 929 F.2d 1089, 1092 (5th Cir. 1991)(*quoting* Coffee v. United States ex rel. Gordon, 157 F.2d 968, 969 (5th Cir. 1946). In Coffee, the Fifth Circuit held that a "writing containing the information which the statute requires, exhibited to the contractor by the claimant as a notice of his claim and which the contractor examines and discusses . . . is a written notice sufficiently served." Id. at 970. Under Fifth Circuit jurisprudence, "it is sufficient that there exists a writing from which, in connection with oral testimony, it plainly appears that the nature and state of indebtedness was brought home to the general contractor." Houston Fire & Cas. Co. v. U.S. ex rel. Trane Co., 217 F.2d 727, 730 (5th Cir. 1954).

---

[1] Although the statute also requires third-party verification of delivery of the written notice, the Fifth Circuit has held that service by ordinary mail is sufficient. See U.S. ex rel. Birmingham Slag Co. v. Perry, 115 F.2d 724 (5th Cir. 1940).

In the instant matter, there is a question of fact as to whether Head received the December 5, 2003 letter.[2] Sobolak testified that he mailed a copy of the letter to Head, and indeed a copy of the letter was found in Head's files during a document review. Nevertheless, Ondera testified that the January 2004 letter was the first notice that Head received of Slater's non-payment. If Head received the December letter, then that letter, in conjunction with the conversations held between Sobolak and Gilstrap and between Sooby and Reynolds could very well constitute the required Miller Act notice under the relevant Fifth Circuit jurisprudence. Since genuine issues of material fact remain, the motion for summary judgment is **DENIED.**

### III. CONCLUSION.

Genuine issues of material fact remain as to whether Head received the December 5, 2003 letter, and if so, whether that letter, in conjunction with oral conversations held between H & E representatives and Head representatives, sufficiently brought home the nature and state of indebtedness to Head.

Therefore:

**IT IS ORDERED** that the motion for summary judgment [Doc. No. 27] filed by the Defendants, Head and National Fire, is hereby **DENIED.**

**THUS DONE AND SIGNED** this 13th day of September, 2006.

*[signature]*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Although the Defendants contend that the December 5, 2003 letter was not sufficient to constitute the required Miller Act notice regardless, the Court must analyze that letter *in conjunction with* the oral conversations which took place between H & E representatives and Head representatives.