UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| H & E EQUIPMENT SERVICES, INC. | CIVIL ACTION NO. 04-1878 |
| VERSUS | JUDGE HICKS |
| SCOTT SLATER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by Defendants Head, Inc. ("Head") and National Fire Insurance Company of Hartford ("National Fire"). [Doc. No. 38-1]. Plaintiff H & E Equipment Services ("H & E") filed this suit pursuant to the Miller Act, 40 U.S.C. § 3133, seeking to recover against a general contractor and its surety for a debt incurred by a subcontractor. Defendants Head and National Fire filed the instant motion to reurge summary judgment, contending that H & E's Miller Act claim must fail because H & E failed to expressly or impliedly give adequate notice within ninety (90) days. H & E opposes the motion, contending that it impliedly gave the required notice within the specified time. [Doc. No. 43]. For the reasons which follow, the Defendants' motion is **GRANTED.**

**I.    FACTUAL BACKGROUND**

The initial facts were adequately set forth in the Court's Memorandum Ruling denying defendant's Motion for Summary Judgment and will not be repeated here. See Doc. No. 33-1. In the Memorandum Ruling, the Court denied defendants' motion because "there was a question of fact as to whether Head received the December 5, 2003 letter, and if so, whether that letter, in conjunction with oral conversations held between H & E representatives and Head representatives, sufficiently brought home the nature and state of indebtedness to Head." See Doc. No. 33-1 at 7.

Following the Memorandum Ruling, depositions were taken of H & E representatives and Head representatives. Paul Ondera, Vice President at Head, Inc., testified that he received the December 5, 2003 letter and believed Slater was simply having trouble with H & E and getting their invoicing straight; he did not believe H & E was providing notice under the Miller Act. [Exhibit "H", pp. 7, 8].

Charles Sooby, Shreveport branch manager of H & E, testified that he spoke to Troy Reynolds, Head's Project Engineer for the Barksdale construction, regarding Slater's debt and whether Head could assist H & E in collecting the money. [Exhibit "B", Scooby deposition, p. 11]. Specifically, Sooby was asked:

> Q. Did you tell Mr. Reynolds that you expected Head, Inc. to pay Mr. Slater's bill?
>
> A. No.

[Exhibit "B," p.14]. Sooby also testified that he did not discuss Slater's debt with any other representative from Head. [Exhibit "B", p. 13].

Andrew Sobolak, rental manager for H & E, testified that he spoke with Mike Gilstrap, Head's on-site person in charge, regarding Slater's debt. [Doc. 29-3 (Sobolak affidavit)]; [Exhibit "E," Sobolak deposition, p. 9-10]. Sobolak asked Gilstrap to assist him in collecting the money from Slater and asked Gilstrap for a two-party check. But he did not tell Gilstrap, nor any other representative of Head, that H & E expected Head to pay Slater's bill. [Exhibit "E", pp. 10, 16]. Sobolak was specifically asked:

> Q. Did you tell Mr. Gilstrap regardless of whether Head, Inc., owes Mr. Slater any money or not, I expect Head, Inc. to pay Slater's bill?
>
> A. I don't recall.

[Exhibit "C", p. 16].

Defendants filed a Motion to Reurge Summary Judgment contending these new facts demonstrate that the oral communications, in conjunction with the December 5, 2003 letter, are insufficient to constitute notice under the Miller Act.

## II.     LAW AND ANALYSIS

### A.     Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir.

1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

**B.   Plaintiff's Miller Act Claim.**

The Miller Act, 40 U.S.C. § 3133 provides, in pertinent part:

> A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond ***on giving written notice to the contractor within 90 days*** from the date on which the person... furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied...

40 U.S.C. § 3133(b)(2) (emphasis added). The sufficiency of notice required to be given may be summarized as follows:

> The giving of the written notice specified by the statute is a condition precedent to the right of a supplier to sue on the payment bond; the writing must be sent or presented to the prime contractor by or on the authority of the supplier; and the writing must inform the prime contractor, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bill.

<u>Bowden v. United States</u>, 239 F.2d 572, 577 (9th Cir. 1956).

In the instant case, the December 5, 2003 letter was not addressed to Head (the prime contractor), nor did it inform Head, expressly or impliedly, that H & E was looking to Head for payment. <u>See</u> Doc. No. 38-7. The Court previously held that the December 5, 2003 letter was insufficient, standing alone, to constitute the required notice under the Miller Act. <u>See</u> Doc. No. 33-1 at 7. But "[t]he Fifth Circuit has permitted some 'liberality as to the manner of communicating the written notice.'" [Doc. No. 33-1 at 6] citing <u>United States ex rel. Consol. Elec. Distributors, Inc. v. Altech</u>, 929 F.2d 1089, 1092 (5th Cir. 1991) (quoting <u>Coffee v. United States ex rel. Gordon</u>, 157 F.2d 968, 969 (5th Cir. 1946)). Thus, the Court held that the letter could be sufficient when read in conjunction with the oral communications between H & E and Head. <u>Id.</u> A review of the record and the relevant jurisprudence now leads the Court to find that the letter, in conjunction with the oral communications, was not sufficient notice to maintain an action under the Miller Act.

While courts have generally been liberal in enforcing the Miller Act's requirements concerning the *method* by which notice is given, they have more rigidly interpreted the Act's requirements for the *contents* of such notice. Maccaferri Gabions, Inc. v. Dynateria, Inc., 91 F.3d 1431, 1437 (11th Cir. 1996), cert. denied, 520 U.S. 1167, 117 S.Ct. 1430 (1997). The strict interpretation as to the contents of the notice is driven by the purpose of the notice requirement — to protect the general contractor. Id. (citing United States ex rel. Kinlau Sheet Metal Works v. Great Am. Ins. Co., 537 F.2d 222, 223 (5th Cir. 1976)). In Maccaferri, the court, in applying Fifth Circuit jurisprudence, stated:

> It is crucial that the notice state a claim directly against the general contractor, that the claim be stated with some specificity of amount due, and the claim specify the subcontractor allegedly in arrears.

Id. at 1437 (quoting United States ex rel. Jinks Lumber Co. v. Federal Ins. Co., 452 F.2d 485, 488 (5th Cir. 1971)). Providing the general contractor with a copy of a collection letter sent to the subcontractor does not constitute notice to the general contractor. Id.; Kinlau, 537 F.2d at 22.

In its opposition brief, plaintiff urged the Court to follow certain cases in which the courts held that a letter stating the subcontractor was behind in payments and setting forth the amount due was sufficient notice. See Doc. No. 29-1 at 6-7. But each of the cases cited by the plaintiff are distinguishable because, in those cases, a letter was sent *directly* to the general contractor. See United States of America to the Use of Bailey v. Freethy, 469 F.2d 1348 (9th Cir. 1972); United States of America to the Use and Benefit of Pod Const. Co. V. Smith Road Const. Co., 227 F. Supp. 315, 317 (N.D. Ok. 1964); United States of America, for the Use and Benefit of Hopper Bros. Quarries v. Peerless Cas. Co.,

255 F.2d 137, 139 (8th Cir. 1958). Therefore, those cases are unpersuasive and irrelevant to the instant case.

In his deposition, Charles Scooby, H & E representative, testified that he spoke to Troy Reynolds, Head representative, regarding Slater's debt and whether Head could assist H & E in collecting the money. [Exhibit "B", p. 11]. However, Scooby admitted that he did not tell Reynolds that he expected Head, Inc. to pay Slater's bill, nor did he discuss Slater's debt with any other representative from Head. [Exhibit "B", p. 13].

According to his deposition, Andrew Sobolak, H & E representative, asked Mike Gilstrap, Head representative, to assist him in collecting the money from Slater. [Exhibit "E", p.10]. But Sobolak did not tell Gilstrap, nor any other representative of Head, that H & E expected Head to pay Slater's bill. [Exhibit "E", p.16]. Although he did state that he asked Gilstrap for a two-party check (e.g., a check payable to either H & E or Slater), [Exhibit "E", p.10], many courts have expressly held that a joint-check arrangement "does not by nature constitute Miller Act notice to the general that an unpaid materialman is making a specific claim for payment." Maccaferri Gabions, Inc. v. Dynateria, Inc., 91 F.3d 1431, 1437 (11th Cir. 1996), cert. denied, 520 U.S. 1167, 117 S.Ct. 1430 (1997) (citing United States ex rel. San Joaquin Blocklife v. Lloyd E. Tull, Inc., 770 F.2d 862, 865 n.4 (9th Cir. 1985); Bowden v. United States ex rel. Malloy, 239 F.2d 572, 577 (9th Cir. 1956); United States ex rel. Brothers Builders Supply v. Old World Artisans, 702 F. Supp. 1561, 1567 (N.D.Ga. 1988); United States ex rel. Fordham v. P.W. Parker, Inc., 504 F. Supp. 1066, 1070 n.3 (D.Md. 1980)).

In its opposition brief, plaintiff does not dispute any of these facts. Rather, plaintiff simply re-emphasizes the statements by which H & E's representatives asked Head for assistance in collecting the money. Such statements, expressly or impliedly, do not

provide notice of a claim directly against the general contractor. Accordingly, H & E failed to provide the requisite notice under the Miller Act and cannot maintain an action against Head, Inc. Because no genuine issues of material fact remain, the motion for summary judgment is **GRANTED.**

### III.   CONCLUSION.

There are no genuine issues of material fact. The Court finds that the December 5, 2003 letter, in conjunction with oral conversations held between H & E representatives and Head representatives, did not sufficiently bring home the nature and state of indebtedness to Head to constitute notice under the Miller Act as a matter of law.

Therefore:

**IT IS ORDERED** that the motion for summary judgment [Doc. No. 38-1] filed by the Defendants, Head and National Fire, is hereby **GRANTED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 24th day of July, 2007.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE